# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHESTER LEE PERRY,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | No.  CV 08-6261 AGR<br><br>MEMORANDUM OPINION AND ORDER |

Chester Lee Perry filed this action on September 25, 2008.  Pursuant to 28 U.S.C. § 636(c), the parties filed Consents to proceed before Magistrate Judge Rosenberg on November 5 and 19, 2008.  (Dkt. Nos. 8-9.)  The parties filed a Joint Stipulation ("JS") on July 20, 2009, that addressed the disputed issues in the case.  The Court has taken the Joint Stipulation under submission without oral argument.

Having reviewed the entire file, the Court concludes that this matter is remanded for proceedings consistent with this opinion.

///

///

///

///

# I.

## PROCEDURAL BACKGROUND

On January 31, 2006, Perry filed applications for disability insurance benefits and supplemental security income benefits. Administrative Record ("AR") 23. The applications were denied. AR 31-32. An Administrative Law Judge ("ALJ") conducted a hearing on March 23, 2007, at which Perry, a medical expert ("ME") and a vocational expert testified. AR 199-243. On March 30, 2007, the ALJ issued a decision denying benefits. AR 20-30. Perry requested review. AR 17. On July 18, 2008, the Appeals Counsel denied Perry's request for review. AR 10-14. This lawsuit followed.

# II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence or it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

In this context, "substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. Where the evidence is susceptible to more than one rational interpretation, the Court must defer to the decision of the Commissioner. *Moncada*, 60 F.3d at 523.

///
///
///
///

# III.
# EVALUATION OF DISABILITY

## A. Disability

"A person qualifies as disabled, and thereby eligible for such benefits, only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003) (citation and internal quotation marks omitted).

## B. The ALJ's Findings

Following the five step sequential evaluation process for determining disability, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006), the ALJ found that Perry had the following severe impairments: "coronary artery disease and peripheral vascular disease." AR 29. Perry had the residual functional capacity for light work with limitations. *Id.* "He can lift and carry up to 20 pounds occasionally and 10 pounds frequently and can stand and walk for 6 hours and sit without limitation. He can push and pull commensurate with his lifting ability without significant limitation, except that he is precluded from push (sic) and pulling with his right arm more than occasionally." *Id.* Perry is capable of performing his past relevant work as a parking lot attendant. *Id.*

## C. Treating Physician's Opinion

Perry contends that the ALJ failed to properly consider the opinion of his treating physician, Dr. Chu. JS 3. On March 2, 2007, Perry submitted a Cardiac Residual Functional Capacity Questionnaire by Dr. Chu. AR 191-96.

An opinion of a treating physician is given more weight than the opinion of non-treating physicians. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). When a treating physician's opinion is contradicted by another doctor, "the ALJ may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record. This can be done by setting out a detailed and thorough

1  summary of the facts and conflicting clinical evidence, stating his interpretation thereof,
2  and making findings." *Id.* at 632 (citations and quotations omitted).  "When there is
3  conflicting medical evidence, the Secretary must determine credibility and resolve the
4  conflict." *Thomas v. Barnhart,* 278 F.3d 947, 956-57 (9th Cir. 2002) (citation and
5  quotation marks omitted).

6        The ALJ erred in not mentioning Dr. Chu's opinion.  The ALJ stated that the
7  opinions of the ME, examining physician, and state agency consultant were "not
8  contradicted by any medical opinion of record."  AR 28.  The Commissioner concedes
9  that the ALJ's statement is incorrect.  JS 13.  The ALJ's statement suggests that he
10 overlooked Dr. Chu's opinion, which contradicts the other medical opinions.  Dr. Chu
11 opined that Perry can stand/walk less than two hours in an 8 hour workday, and can sit
12 about 2 hours in an 8 hour workday.  AR 194.  Perry requires a sit/stand option. *Id.*
13 Perry can lift and carry less than 10 pounds rarely (elsewhere defined as 1-5% of an 8
14 hour workday), and never lift/carry 10 pounds or more.  AR 195.  Dr. Chu also listed
15 environmental restrictions, including avoiding exposure to cigarette smoke,
16 solvents/cleaners, fumes, odors, gases and chemicals. *Id.*  By contrast, the ME found
17 Perry capable of light work, lifting 20 pounds occasionally and 10 pounds frequently,
18 and sitting/standing/walking six hours each out of an 8 hour workday.  AR 206.  The
19 examining physician and state agency consultant found Perry capable of medium work.
20 AR 145, 150-56.

21       In response to Perry's argument that the ALJ failed to consider Dr. Chu's opinion
22 (AR 197), the Appeals Council stated: "Dr. Chu's opinion *appears* to be based on your
23 subjective complaints as the medical expert, a board certified cardiologist, testified that
24 Dr. Chu's assessment is inconsistent with his treatment records and the other evidence
25 of record."  AR 11 (emphasis added).  To the extent the Commissioner rejects Dr. Chu's
26 opinion as based solely on subjective complaints, the Commissioner's argument is not
27 supported by substantial evidence in the record.  On May 16, 2006, a cardiologist
28 diagnosed recurrent right arm claudication based not only on Perry's complaint but also

4

on diminished pulse in his right wrist and brachial areas.[1] AR 172. This diagnosis occurred after Perry underwent his most recent angioplasty and stenting in November 2005 for claudication with minimal exertion and movement.[2] AR 174, 177-78. Perry was also diagnosed with severe peripheral vascular disease based on arteriovascular profiling and an MRA (Magnetic Resonance Angiography). AR 186-88, 190. Mild cardiac enlargement and findings of obstructive pulmonary disease were based on imaging. AR 107. In February 2007, Dr. Chu noted 2-3 weekly episodes of anginal pain radiating to the left arm with minimal exertion. AR 192.

The Commissioner asserts other arguments for rejecting the treating physician's opinions. JS 14. However, this Court is "constrained to review the reasons the ALJ asserts." *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003). A court "may not affirm the ALJ on a ground upon which he did not rely." *Orn*, 495 F.3d at 630.

Accordingly, this matter is remanded for consideration of the treating physician's opinion and Perry's treatment records.

**D.     Perry's Credibility**

Perry next contends that the ALJ did not properly consider his subjective complaints. JS 20.

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007).

At step one, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (citations omitted).

---

[1] The cardiologist noted that Perry's insurance had expired and that Perry would go to the emergency room for treatment if his right arm worsened to the point of incapacitation. AR 172.

[2] Perry previously underwent angioplasty of his right subclavian stenosis in March or April 2005, and sometime in 2001-2002. AR 183-84, AR 111-12.

Although the ALJ did not make an express finding, it is reasonable to infer from the decision that Perry's medically determinable impairments could have been reasonably expected to produce the alleged symptoms.

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'"[3] *Lingenfelter*, 504 F.3d at 1036 (citations omitted). "In making a credibility determination, the ALJ 'must specifically identify what testimony is credible and what testimony undermines the claimant's complaints.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (citation omitted). In determining credibility, an ALJ may consider: the nature, location, onset, duration, frequency, radiation, and intensity of any pain; precipitating and aggravating factors (*e.g.*, movement, activity, environmental conditions); type, dosage, effectiveness, and adverse side-effects of any pain medication; treatment, other than medication, for relief of pain; functional restrictions; the claimant's daily activities; and "ordinary techniques of credibility evaluation." *Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991) (en banc) (citing Social Security Ruling 88-13,[4] quotation marks omitted); *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). The ALJ may also consider inconsistencies or discrepancies in claimant's statements; inconsistencies between claimant's statements and activities; exaggerated complaints; and unexplained failure to seek treatment. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002); *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). "If the ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second-

---

[3] The ALJ did not find that Perry was malingering.

[4] Social Security rulings do not have the force of law. Nevertheless, they "constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

1 guessing." *Thomas*, 278 F.3d at 959; *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169
2 F.3d 595, 600 (9th Cir. 1999).

3 The ALJ noted that Perry engaged in work activity after his alleged onset date of
4 November 1998. AR 28. Perry states that, at the hearing, he amended his alleged
5 onset date to November 2005. JS 19; AR 203, 219. In his application, he
6 misunderstood the date of onset to mean the date of onset of his medical condition in
7 November 1998. JS 19; *see* AR 26 (noting coronary artery disease in 1998). The
8 ALJ's decision does not mention Perry's amendment of the onset date. The ALJ found
9 that Perry worked as a parking lot attendant until November 2005, and the record did
10 not show any work activity after his application for supplemental security income was
11 filed. AR 25. Therefore, Perry argues that the fact he worked as a parking lot attendant
12 after November 1998 is not a proper basis on which to discount his credibility. The
13 Commissioner does not dispute that the onset date was amended at the hearing.
14 Therefore, this reason is not supported by substantial evidence.

15 The Commissioner argues that the ALJ properly relied on an admission that Perry
16 did not go back to work in November 2005 because he did not feel like going back to
17 work. JS 22. The ALJ found that Perry "stopped work in November 2005 because he
18 was sick with heart problems. He said that after he went to the doctor he did not feel
19 like going back to work. He collected unemployment insurance benefits after he
20 stopped working in November 2005." AR 27. Assuming without deciding that the
21 Commissioner interprets the ALJ's decision correctly, a finding that Perry did not return
22 to work in November 2005 because he did not feel like it would not be supported by
23 substantial evidence. In response to the question, "in November 2005 why did you
24 discontinue working at that time?", Perry responded that he was taken sick with his
25 heart problem. AR 220. In response to the question, "at any time since November of
26 '05 and today do you think you've gotten to the point where you could go back and
27 return, resume that work?", Perry responded that he did not think so. *Id.* Later, counsel
28 asked "was it your decision to stop working or did you get fired or how did that job end?"

AR 224. Perry responded that the job did not end, "I went to the doctor and didn't feel like going back . . . . AR 224-25. The ALJ then asked Perry about his answer because "[t]hat sounds like you quit." AR 228. Perry explained that he did not quit, "he put me on total disability." AR 229. Perry testified that he collected unemployment. AR 228-30. On the other hand, Perry said he did not apply for unemployment, "I just went through the doctor." AR 230. His doctor had to sign off on his receiving benefits. AR 234-35. Taking this testimony as a whole and in context, Perry stopped working because he was sick and considered disabled by his doctor. Dr. Chu's treatment records at the time are difficult to read but reflect that "forms [were] filled [out]" in December 2005.[5] AR 168.

The ALJ stated that he discounted Perry's statements "concerning his physical inability to stand and walk for long, because that is inconsistent with his testimony concerning his actual activities, which include performing household chores and going grocery shopping." AR 28. The ALJ found that Perry could stand and walk for 6 hours in an 8 hour workday. AR 29.

Perry testified that he did not think he could stand/walk for six hours combined in an eight-hour workday. AR 223. He can walk about four or five blocks in about 10 minutes. AR 222-23. He could stand for about 15-20 minutes before having to sit down or move around. AR 222. He stands long enough to do the dishes. AR 224. He also goes grocery shopping every two weeks, does the laundry, and cooks. AR 233. He stops because he gets tired and short of breath. AR 222-23, 225. The ALJ does not identify an inconsistency in Perry's testimony about not being able to stand/walk for six hours in an 8-hour workday and his daily activities.

---

[5] The previous note on November 4, 2005 reads "RTW 2/1/06." AR 168. However, on December 7, 2005, there is a note that forms were filled out. *Id.* The January 13, 2006 note reflects that Perry was "given note for permanently [unintelligible]." AR 168.

8

Accordingly, the ALJ's reasons for discounting Perry's credibility are not supported by substantial evidence. On remand, the ALJ should reevaluate Perry's credibility.

## IV.

## **CONCLUSION**

IT IS HEREBY ORDERED that the decision of the Commissioner is reversed and remanded for proceedings consistent with this opinion at Step Four.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: October 20, 2009

/s/ Alicia G. Rosenberg
ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE